UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MEKO DEAUNT'E JONES SR,

             Petitioner,

v.

SUPERINTENDANT,

             Respondent.

Case No. C20-5386-RJB-TLF

REPORT AND RECOMMENDATION

Noted for May 29, 2020

Petitioner Meko Deaunt'e Jones Sr., is a state prisoner who is currently confined at the Stafford Creek Corrections Center. He submitted an application to proceed *in forma pauperis* (IFP) and a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2013 judgment and sentence of the Pierce County Superior Court. Dkts. 1, 1-1. Petitioner was notified by letter dated April 24, 2020, that his motion to proceed *in forma pauperis* (IFP) was deficient and was provided an opportunity to cure the deficiency by May 26, 2020. Dkt. 2.

Petitioner has not yet corrected his IFP deficiency. Petitioner previously filed a federal habeas petition relating to the same judgment. *See Jones v. Haynes*, 18-5688-RBL. This Court, having reviewed the petition filed in this matter, and the prior petition filed by petitioner, concludes that the instant petition is a second or successive petition which should be dismissed without prejudice. If petitioner wishes to file a second or successive petition in this Court, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Petitioner's motion to proceed *in forma pauperis* (Dkt. 1) should be stricken as moot.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Petitioner submitted his first federal habeas petition challenging his 2013 Pierce County Superior Court judgment and sentence to the Court for filing on August 20, 2018. *See Jones v. Haynes*, No. 18-cv-5688-RBL, Dkts. 1, 5. The Court dismissed that petition with prejudice on December 21, 2018, upon concluding that the petition was time barred under the Anti-Terrorism and Effective Death Penalty Act. *See id.*, Dkts. 12, 14, 15.

The instant petition was received for filing on April 21, 2020. Dkt. 1. Petitioner raises the same grounds for habeas relief as were raised in his first (2018) federal habeas petition, namely: (1) his due process rights were violated; (2) ineffective assistance of counsel; and (3) prosecutorial misconduct due to an "apparent Brady violation." *Compare* Dkt. 1-1 *with Jones v. Haynes*, No. 18-cv-5688-RBL, Dkt. 5

Petitioner's previous federal habeas petition challenging his 2013 conviction, having been dismissed with prejudice on the grounds that it was untimely under the federal statute of limitations, renders subsequent petitions challenging the same conviction second or successive for purposes of 28 U.S.C. § 2244(b).[1] *See* 28 U.S.C. §2244(a); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (holding that "the

---

[1] The Court notes that the instant petition appears to be nearly identical to the first (2018) habeas petition. The instant petition raises identical grounds for habeas relief and includes the same supporting documents. Both petitions incorporate by reference exhibits identifying the same Pierce County Superior Court cause number (13-1-0080) under which petitioner was convicted, as well as the same case numbers for his direct appeals of his judgment and sentence entered in that case (Washington Court of Appeals Division II Cause No. 45143-3-II), as well as a personal restraint petition (Washington Court of Appeals Division II Cause No. 49408-6-II). Thus, it appears clear that petitioner seeks to challenge the same Pierce County Superior Court judgment and sentence that he previously challenged in his first (2018) habeas petition. However, to the extent petitioner, in fact, intends to challenge a different judgment and sentence than indicated by the information in his petition, he should present that information to the district court judge in his objections to this Report and Recommendation.

REPORT AND RECOMMENDATION - 2

dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); *Henderson v. Lampert,* 396 F.3d 1049, 1053 (9th Cir. 2005).

Before filing another challenge, petitioner was required to apply for and receive authorization from the Ninth Circuit Court of Appeals, which petitioner did not do. 28 U.S.C. § 2244 (b)(3)(A). Petitioner's failure to secure such an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. 28 U.S.C. § 2244(a); *see Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart,* 549 U.S. 147,157 (2007). However, Ninth Circuit Rule 22-3(a) provides, in relevant part, that:

> An applicant seeking authorization to file a second or successive 28 U.S.C. § 2254 petition or 28 U.S.C. § 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under sections 2254 or 2255. …. If an application for authorization to file a second or successive section 2254 petition or section 2255 motion is mistakenly submitted to the district court, the district court shall refer it to the court of appeals. If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals.

The Circuit Advisory Committee Note to the rule makes clear that,

> If an applicant files a document that appears to be an unauthorized section 2254 petition or 2255 motion and facially alleges a claim based on a new rule of constitutional law or newly discovered evidence of actual innocence, the district court *may* transfer the filing to the court of appeals in the interests of justice or, in the alternative, *the district court may dismiss the filing without prejudice to the applicant seeking authorization from the court of appeals on Ninth Circuit Form 12.*

Ninth Circuit Rule 22-3 (emphasis added).

REPORT AND RECOMMENDATION - 3

Here, petitioner does not allege a claim based on a new rule of constitutional law or newly discovered evidence of actual innocence; the interests of justice do not weigh in favor of the Court transferring this petition to the Court of Appeals. Under Ninth Circuit Rule 22-3, the Court should dismiss the petition without prejudice, allowing petitioner to request authorization from the Court of Appeals to file a second or successive petition. The undersigned also recommends that the Court deny petitioner's motion to proceed *in forma pauperis* (Dkt. 1) as moot.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must "demonstrate[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the instant petition should be dismissed without prejudice for lack of jurisdiction. Accordingly, this Court concludes petitioner should not be granted a certificate of appealability with respect to the instant petition.

REPORT AND RECOMMENDATION - 4

CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court DISMISS the instant petition (Dkt. 1-1) WITHOUT PREJUDICE as a second successive petition and DENY petitioner's motion to proceed *in forma pauperis* (Dkt. 1) as moot. The undersigned further recommends the Court should DENY a certificate of appealability.

If petitioner wishes to file a second or successive petition in this Court, he is required to apply for and obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court. The application must comply with Ninth Circuit Rule 22-3. To assist petitioner, the Court recommends the Clerk be directed to send petitioner a copy of Ninth Circuit Rule 22-3 and the Ninth Circuit Court of Appeals Form 12 –Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **May 29, 2020**, as noted in the caption.

Dated this 1st day of May, 2020.

Theresa L. Fricke
United States Magistrate Judge